### KOHLER v. ROSENTHAL.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. GAMING (§ 30*)—MONEY PLACED IN ANOTHER'S HANDS FOR GAMING PURPOSES—RECALL OF—DUTY TO HOLDER.

    Where a person places money in the hands of another to be used for gaming, and changes his mind before it is so used and recalls it, the party in whose hands the money is must repay it.

    [Ed. Note.—For other cases, see Gaming, Dec. Dig. § 30.*]

2. GAMING (§ 30*)—MONEY PLACED IN ANOTHER'S HANDS FOR GAMING PURPOSES—RIGHT TO RECOVER.

    No right of action exists against a person into whose hands money has been placed for gaming purposes for the recovery of a bet which has been won; but, where a person commissions another to make a bet and gives him money for that purpose and recalls his authority before the money is used, he has a right of action to recover it back.

    [Ed. Note.—For other cases, see Gaming, Dec. Dig. § 30.*]

3. GAMING (§ 28*)—STAKEHOLDERS—LIABILITY OF.

    A stakeholder is liable for the stake placed in his hands whether he has paid it over to the winner or not.

    [Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 62–67; Dec. Dig. § 28.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. GAMING (§ 34*)—LOSER'S RIGHT TO RECOVER—BETS VOLUNTARILY PAID.

A loser may recover back from the winner losses which he has voluntarily paid, although the bet may have been honestly won.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. § 72; Dec. Dig. § 34.*]

5. GAMING (§ 30*)—MONEY PLACED IN ANOTHER'S HANDS FOR GAMING—LIABILITY AS GUARANTOR.

A person into whose hands money had been placed by the owner of a race horse for the purpose of betting on the horse is not a guarantor that all bets made by him for the owner would be paid by the parties who lost.

[Ed. Note.—For other cases, see Gaming, Dec. Dig. § 30.*]

Appeal from Trial Term, New York County.

Action by Charles Kohler against Herman Rosenthal. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Jacob Stiefel, for appellant.
Ernest W. Marlow, for respondent.

HOUGHTON, J. The action is upon a check for $5,000 given by the defendant to the plaintiff, which was not paid by direction of the drawer. The answer admits the giving of the check, but alleges that it was given for a gambling debt and was without consideration.

The plaintiff was identified with the race track as the owner of race horses and owned a horse called "Beson." The defendant describes his occupation as that of bookmaker. The testimony shows that the plaintiff, not desiring to himself place bets on his own horses or those of others, engaged the defendant to act as betting "commissioner" for such purpose, and that he gave to him from time to time moneys to bet on horse races, aggregating over $7,000. A good part of this had been lost up to July 4, 1908. On that day the plaintiff commissioned the defendant to place a bet of $2,000 on his horse Beson, the odds upon which were 2½ to 1. Through another man the defendant made a bet, consummated at Chicago, of $2,000 to $5,000 on the horse. The horse won, but the loser did not pay his $5,000. The defendant, believing that the money would be forthcoming, gave the check in question to the plaintiff, dated some days ahead, but before its maturity stopped payment. The defendant testified he had never collected this money, and there is no proof to the contrary.

Neither counsel nor the witnesses on the trial made the situation quite clear. But it is apparent from all the testimony that, when the defendant gave the check, there was not left in his hands from the moneys which the plaintiff had advanced him to bet as much as the sum of $5,000; and it is equally clear that the defendant did in fact give the check to the plaintiff for the $5,000, which he supposed he had won for him and which he expected would be paid by the loser. If there had remained in the defendant's hands of the moneys which the plaintiff had placed with him, the amount of the check, although it had been placed with the defendant for the purpose of betting upon a horse race which was illegal, still if it had not been used for that pur-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pose, and the defendant had given his check therefor, an action thereon would lie. It is upon this ground that the plaintiff seeks to sustain his judgment, but the facts do not warrant any such conclusion. A right of action exists for certain things tainted with gambling. If one places money in the hands of another to be used for the purpose of gaming and changes his mind before it is so used and recalls it, the party in whose hands the money is must repay it, notwithstanding the unconsummated design that it should be used for an illegal purpose. No right of action exists for the recovery of a bet which has been won, but if one commissions another to make a bet for him, and gives him money for that purpose and recalls his authority before the money is used, he has a right of action on demand to recover it back. For the purpose of discouraging gaming the law not only refuses to aid in the collection of a gambling debt, but it penalizes the stakeholder by making him liable for the stake placed in his hands whether he has paid it over to the winner or not; and the loser may also recover back from the winner losses which he has voluntarily paid, although the bet may have been honestly won. But, where there is only an intention to bet which is not carried out, the gaming statute has no application.

The testimony in the present case showing that there was not $5,000 in the hands of the defendant belonging to the plaintiff and which the defendant had not placed in wager as directed, and there being no pretense that the plaintiff recalled his authority given to the defendant to bet, and there being no sufficient proof that the check was given for a balance remaining in defendant's hands, the plaintiff is not entitled to stand upon the proposition that the check was given for moneys belonging to him in the hands of the defendant which had not been used for the purpose intended. There is no question but what the plaintiff authorized the defendant to act as betting commissioner for him. Under the arrangement which was had between the parties, the defendant was not a guarantor that all bets made by him for the defendant would be paid by the parties who lost. The evidence is uncontradicted that the defendant never received the $5,000 which he had won for the defendant on the horse Beson. If he had received it and had it in his hands, a further question might arise whether the law would aid the plaintiff in recovering it. That question is not before us, and it is unnecessary to express any opinion concerning it.

From the facts as disclosed at the close of the trial, the learned trial court should have granted the defendant's motion for a dismissal of the complaint, and it was error to direct a verdict in favor of the plaintiff.

The judgment must therefore be reversed and a new trial granted, with costs to the appellant to abide the event.

INGRAHAM, CLARKE, and SCOTT, JJ., concur. McLAUGHLIN, J., concurs in result.